STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOSEPH WYCKOFF, PLAINTIFF IN ERROR.

Submitted October term, 1929—Decided April 28, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the plaintiff in error, *George E. Cutley.*

For the defendant in error, *J. Vincent Barnitt.*

PER CURIAM.

The plaintiff in error was convicted in the Passaic Quarter Sessions on an indictment charging him with an assault and battery, with intent to kill one Nathan Danielson, a police officer of the borough of Hawthorne, Passaic county, on January 28th, 1929.

The matter is before us upon a strict writ of error and under section 136 of the Criminal Procedure act.

Three grounds are urged for reversal.

1. Assignment 4 and specification 4—"Because the trial court refused to sustain the defendant's objection to the following question: "With your wife?"

We quote the questions and answers pertinent to this point:

"*Q.* What is your wife's name? *A.* I can't just think. It is Anna Mazcinko. *Q.* What is your name? *A.* Wyckoff. *Q.* Are you married to her? *A.* Yes, sir. *Q.* When were you married? *A.* On May 4th, 1924. *Q.* Where were you living on January 28th, 1929? *A.* Living at the Hotel Bel-

mont in Newark. *Q.* With your wife? Mr. Cutley—I object to it—it is immaterial whether he was or not. The Court —I will admit it. Mr. Cutley—I ask for an exception. Exception allowed, signed and sealed. *Q.* I beg your pardon? *A.* It wasn't my wife. Mr. Dunn (assistant prosecutor)— Will that young lady come forward? Mr. Cutley—I would like to have my objection noted to this procedure. The Court —Your objection will be noted. Mr. Cutley—And an exception. *Q.* Do you know this young lady? *A.* Yes."

The question under attack was assuredly not relevant to any issue in the cause under trial, and, undoubtedly, the answer was improperly admitted. However, we are unable to see how one upon trial charged with assault and battery with intent to kill can be prejudiced by the fact that he was then living with a woman not his wife unless such relationship had something to do with the assault and battery. In the present case it did not. While we do not approve of the tactics employed by the state and notwithstanding that in holding that the question objected to should not have been permitted to be answered, still we are unable to say, upon the whole case, such error prejudiced the plaintiff in error in maintaining his defense upon the merits.

2. Alleged error in the charge of the court as follows:

"The burden of proof is on the state. By that I do not mean it is necessary for the state to produce more witnesses numerically than the defendant, but it must produce witnesses whose testimony carries greater weight with you than the testimony of the witnesses produced on the part of the defendant."

The complaint against this instruction seems to be that it is probable that it gave the jury to understand that the state must prove its case by a preponderance of the evidence rather than to a point beyond a reasonable doubt.

A reading of the entire charge absolutely controverts this imputation. The particular excerpt above quoted, and relied upon, is both preceded and followed by full and abundant instructions that the state must establish the guilt of the plaintiff in error beyond a reasonable doubt.

3. That the verdict is against the weight of the evidence. This is wholly without factual substance. A most casual reading and consideration of the proofs abundantly refutes this contention.

The judgment below is affirmed.